IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS BOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-cv-0819-MJR |
| ) | |
| SONNY McCULLEY, ) | |
| MARK TIPPS and DAVE ZOLA, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM and ORDER

REAGAN, District Judge:

    A.    Procedural Background and Overview of Pending Motion

In December 2004, Wayne County Sheriff's Deputy Mark Tipps arrested Dennis Boyd on narcotics charges. In October 2006, Boyd filed a three-count complaint in this District Court against Tipps and two other officers – Wayne County Sheriff Sonny McCulley and Sheriff's Deputy Dave Zola. Boyd amended his complaint in March 2007.

The amended complaint alleges that Tipps used excessive force during the arrest, including firing his weapon near Boyd's head while Boyd lay on the ground compliant and nonconfrontational. Boyd claims that Tipps' acts constituted cruel and unusual punishment (Count 1) and that Tipps conspired to cover up his use of excessive force by making false statements in the police report on the incident (Count 2). Boyd alleges that McCulley (Count 3) and Zola (Count 4) violated Boyd's due process rights by conspiring with Tipps to falsify and submit the police report (which omitted any reference to the gun being fired near/at Boyd).

Boyd prays for a declaration that Defendants violated his rights under the Fourth and Fourteenth Amendments to the Constitution plus damages of $1,000,000 for pain and suffering resulting from the constitutional violations.

On April 2, 2007, McCulley moved to dismiss Count 3 of the amended complaint (the conspiracy claim against McCulley).  Three days later, Defendants Tipps and Zola moved for dismissal of Counts 2 and 4 (the conspiracy claims against them). Granting the motions would leave only Count 1, the excessive force claim against Tipps.

All three Defendants contend that they are entitled to qualified immunity on the due process/conspiracy claims, because (1) the alleged acts occurred with the scope of their official duties and (2) at the time in question, the law was not clearly established that those acts were unconstitutional.[1]   Plaintiff Boyd responded on May 9, 2007 (Docs. 35, 36), and Defendants replied on May 18, 2007 (Doc. 37).  The Court now rules on these fully-briefed dismissal motions.

    B.    <u>Analysis</u>

Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6). In assessing a Rule 12(b)(6) motion, the Court must take as true all factual allegations and construe in plaintiff's favor all reasonable inferences.  *Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 656 (7th Cir. 2006); *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002).

---

[1] With leave of Court, Tipps and Zola adopted McCulley's supporting brief (Doc. 27).  *See* Docs. 30, 31.

A complaint should be dismissed under Rule 12(b)(6) only "if there is no set of facts, even hypothesized, that could entitle a plaintiff to relief." *Massey*, 464 F.3d at 656. Stated another way: After construing the complaint in the light most favorable to the plaintiff, dismissal is proper "only if it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *McCready v. eBay, Inc.*, 453 F.3d 882, 887 (7th Cir. 2006), *quoting Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

The Seventh Circuit has emphasized that "a party need not plead much to survive a motion to dismiss" – not specific facts, not legal theories, and not anything in anticipation of a possible defense. *Massey* at 650, *citing Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901-02 (7th Cir. 2004). The gist of this Court's inquiry is "whether the complaint gives the defendant fair notice of what the suit is about and the grounds on which it rests." *Mosely v. Board of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006). *See also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)(complaints need not allege facts, they need only present a claim for relief).

As the undersigned Judge noted in a prior Order on a dismissal motion herein, a § 1983 claim requires the plaintiff to allege that a state actor deprived him of a federally-secured right. *Mosely*, 434 F.3d at 533. *See also Gomez v. Toledo*, 446 U.S. 635, 640 (1980)("… two-and only two-allegations are required in order to state a cause of action under [§ 1983]. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has

deprived him of that right acted under color of state or territorial law."). *Accord Baker v. McCollan*, 443 U.S. 137, 140 (1979)(Section 1983 requires that the defendant's actions, or inaction, deprived the plaintiff of a right secured by federal laws or the federal constitution.).

Defendants do not dispute that they are state actors. Nor has Boyd failed to allege the essential elements of a cognizable § 1983 claim. The Fourth Amendment is the appropriate basis for a claim of unreasonable seizure and excessive force during arrest. *See, e.g., Lopez v. City of Chicago,* 464 F.3d 711 (7th Cir. 2006).

Additionally, Seventh Circuit law recognizes § 1983 claims based on *conspiracy* to deprive a person of federal constitutional rights. *See, e.g., Williams v. Seniff*, 342 F.3d 774 (7th Cir. 2003); *Jones v. Brennan*, 465 F.3d 304 (7th Cir. 2006); *Loubser v. Thacker*, 440 F.3d 439 (7th Cir. 2006); *Russ v. Watts*, 414 F.3d 783 (7th Cir. 2005). Just this month, the Seventh Circuit reiterated that to establish § 1983 liability via a conspiracy theory, a plaintiff must demonstrate that a state official and another individual "reached an understanding to deprive the plaintiff of his constitutional rights," and the two individuals "were willful participants in joint activity with the State or its agents." *Reynolds v. Jamison*, - F.3d -, 2007 WL 1651092, *6 (7th Cir. June 8, 2007), *citing* Williams, 342 F.3d at 785.

The question is whether the named Defendants herein are entitled to qualified immunity for the alleged constitutional violations. Governmental actors performing discretionary functions are entitled to qualified immunity and thereby

"shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Washington v. Haupert*, 481 F.3d 543, 547 (7th Cir. 2007), *quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

In *Saucier v. Katz*, 533 U.S. 194, 200 (2001), the United States Supreme Court articulated a test for determining whether a government actor is entitled to qualified immunity.

> First, the plaintiff must present evidence that, taken in the light most favorable to the plaintiff, would allow a reasonable fact finder to determine that he has been deprived of a constitutional right....[2] If the plaintiff meets that burden, the court must determine whether the particular constitutional right was clearly established at the time of the alleged violation.... If the right was clearly established, the government actor is not entitled to qualified immunity.

*Washington*, 481 F.3d at 547. As to the second prong of this inquiry, the "analysis turns on whether a reasonable officer would have known that his actions were unconstitutional." *Reynolds*, 2007 WL 1651092 at *6.

A threshold question before the Court is whether this issue should be resolved in the context of a Rule 12(b)(6) motion, as opposed to some other pleading, *e.g.*, a summary judgment motion (with or without limited discovery). *See Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998)(explaining that *Harlow* "sought to protect

---

[2] Although the privilege of qualified immunity is a defense, the plaintiff carries the burden of defeating it. *Molina ex rel. Molina v. Cooper*, 325 F.3d 963, 968 (7th Cir. 2003).

officials from the costs of 'broad-reaching' discovery, … and we have since recognized that limited discovery may sometimes be necessary before the district court" can resolve a dispositive motion based on qualified immunity).

Indeed, the Seventh Circuit has described the 12(b)(6) dismissal of a § 1983 suit as "a delicate matter that district courts should approach carefully." *Jacobs v. City of Chicago*, 215 F.3d 758, 765 n.3.  In *Jacobs*, *id.*, Judge Flaum explained:

> On one hand, courts have been admonished that qualified immunity is the ability to be free from suit, not merely a defense from liability, and that, therefore, the question of immunity should be decided at the earliest possible stage…. Our Court has held that resolution of this issue may be appropriate as early as dismissal under Rule 12(b)(6)…. On the other hand, the notice pleading requirements of Rule 8 do not require that a plaintiff anticipate the assertion of qualified immunity by the defendant and plead allegations that will defeat the immunity.

After referencing tension in United States Supreme Court caselaw on this point, the Seventh Circuit concluded that "in some cases, a complaint may be dismissed under Rule 12(b)(6) on qualified immunity grounds where the plaintiff asserts the violation of a broad constitutional right that had not been articulated at the time the violation is alleged to have occurred.  In that case, while the plaintiff may have stated a claim, it is not one 'upon which relief may be granted,' and a court may properly address this purely legal question under Rule 12(b)(6)." *Jacobs*, 215 F.3d at 765, n.3.  But, in "many cases, the existence of qualified immunity will depend on the particular facts of a given case," and Rule 12(b)(6) dismissal would be inappropriate.  *Id.*

Defendants urge the Court to resolve this under Rule 12(b)(6) on the theory that Boyd has, for lack of a better phrase, pled himself out of Court. Relying on an allegation in Boyd's amended complaint (that the police report was corrected after Tipps admitted that the information he placed in the report was untrue), Defendants maintain that the omission of facts in the initial police report – later remedied in the subsequent police report – does not constitute the suppression of exculpatory evidence or add up to any other constitutional violation. "Regardless of any encouragement, cooperation, or agreement between Defendant and Tipps to omit the facts of Tipps' use of force from the initial report, without facts to support that Plaintiff suffered from an unfair criminal trial or was deprived of a right of access to ... courts, no constitutional violation has occurred." Doc. 27, p. 6, *citing Vasquez v. Hernandez*, 60 F.3d 325, 329 (7th Cir. 1995).

Defendants concede that a reasonable officer would be "clearly on notice that the fabrication of inculpatory evidence and the suppression of material exculpatory evidence [are] clearly established violations" of constitutionally-secured rights (Doc. 27, p. 6). However, Defendants insist, there is *no* clearly established precedent such that a reasonable officer would believe a constitutional violation resulted from an omission in a report that was (1) later corrected, (2) not material to the criminal charges, and (3) something the Plaintiff has personal knowledge of (*i.e.*, the suppressed information was "otherwise available" to Plaintiff).

Given the nature of the pending motion – a motion filed under Rule 12(b)(6)

– the Court must accept all of Boyd's allegations as true and draw all reasonable inferences in Boyd's favor. Doing so, and carefully reviewing the allegations of Boyd's amended complaint, the undersigned Judge finds that Boyd has not "gone beyond the requirement of Rule 8" and pled himself out of Court. To the contrary, he has pled the necessary elements of a § 1983 claim. Stated another way, he stated a claim and did not need to include extensive facts to defeat the defense of qualified immunity.

The Court is mindful of the need for qualified immunity questions to be resolved as early as possible in litigation. But the case *sub judice* falls into the category described by the Seventh Circuit as one in which the existence of qualified immunity depends on particular facts (not fully alleged in the complaint), and thus Rule 12(b)(6) dismissal is inappropriate at this point.

The undersigned District Judge **CONCLUDES** that the prudent path is to follow the Supreme Court's suggestion in *Crawford-El*, 523 U.S. at 598, that the district court, "prior to permitting any discovery at all," resolve the qualified immunity issue by either ordering a reply to the defendant's answer under Federal Rule of Civil Procedure 7(a) or directing the plaintiff to file a more definite statement under Rule 12(e).

C. <u>Conclusion</u>

The Court **DENIES AT THIS TIME** Defendants' dismissal motions (Docs. 26 and 31), **DIRECTS** Plaintiff to file a more definite statement of the three due process/conspiracy claims by **July 13, 2007**, and **DIRECTS** Defendants to file any dispositive motion on the issue of qualified immunity by **August 3, 2007**. Plaintiffs'

response to any such dispositive motions will be due by **August 13, 2007**.

Finally, the Court is cognizant that even if Defendants prevail on qualified immunity herein, other claims will remain – the complaint seeks more than money damages *and* contains an ineffective assistance claim as well as the three due process/conspiracy claims.  Thus, in filing and briefing their motions, counsel may want to consider a point raised by Judge Easterbrook in his concurring opinion in Jacobs:

> … qualified immunity defeats only a particular remedy, money damages. Sometimes money is the sole relief a plaintiff could seek, and if damages are unavailable the case should be dismissed. But a complaint does not limit the available relief, see Fed. R. Civ. P. 54(c), so, even when qualified immunity from damages is certain, the complaint may pass muster. And judgment following the answer should come under either Rule 12(c) or Rule 56; dismissal under Rule 12(b)(6) is improper….
> None of this is to deny what many cases have stressed: claims of immunity often justify dismissing a complaint in advance of discovery. But Crawford-El describes how this process should work…. First is an answer followed by a response under Rule 7 or a motion for a more definite statement under Rule 12(e). Second is the use of Rule 26(c) to curtail or foreclose discovery. As we observed in Elliott v. Thomas, 937 F.2d 338, 344-46 (7th Cir. 1991), which anticipated both Leatherman and Crawford-El, summary judgment is the right way to handle claims of immunity.

IT IS SO ORDERED.

DATED this 18th day of June 2007.

                                                  s/ Michael J. Reagan
                                                MICHAEL J. REAGAN
                                                United States District Judge